UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| GEORGE T.[1], | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )  CIVIL NO. 1:22cv229 |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
|    Defendant. | ) |

OPINION AND ORDER

     This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Supplemental Security Income under Title XVI of the Social Security Act.  Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing."  It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ."  42 U.S.C. §405(g).

     The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ."  42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant has not engaged in substantial gainful activity since March 4, 2020, the application date (20 CFR 416.971 *et seq*.).

2. The claimant has the following severe impairments: obesity; cannabis abuse, uncomplicated; depressive disorder; and anxiety (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that

|  |  |
|---|---|
|  | meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926). |
| 4. | After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except with work that can be learned in 30 days or less, with simple routine tasks, routine workplace changes, and simple work-related decisions. The claimant can remain on task in two-hour increments. No production-rate-pace work. The claimant can perform work with occasional interaction with coworkers and supervisors, and no interaction [with] the public. |
| 5. | The claimant is unable to perform any past relevant work (20 CFR 416.965). |
| 6. | The claimant was born on October 30, 1989 and was 30 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963). |
| 7. | The claimant has at least a high school education (20 CFR 416.964). |
| 8. | Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 416.968). |
| 9. | Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy the claimant can perform (20 CFR 416.969 and 416.969a). |
| 10. | The claimant has not been under a disability, as defined in the Social Security Act, since March 4, 2020, the date the application was filed (20 CFR 416.920(g)). |

(Tr. 14-24).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed his opening brief on January 27, 2023. On May 1, 2023 the defendant filed a memorandum in support of the Commissioner's decision to which Plaintiff replied on June 27, 2023. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be remanded.

A five step test has been established to determine whether a claimant is disabled. *See*

*Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). In the present case, Step 5 was the determinative inquiry.

In support of remand, Plaintiff argues that the ALJ failed to properly account for his limitations in concentration, persistence and pace ("CPP"). Plaintiff was found to be able to "remain on task in two-hour increments", but is unable to perform "production-rate-pace work". (Tr. 17). Plaintiff contends that the ALJ acknowledged that Plaintiff had moderate limitations in CPP but failed to include any such limitations in the RFC. In the RFC, the ALJ restricted Plaintiff to simple work with routine tasks, routine changes, simple work-related decisions, no work at production-rate-pace, occasional interaction with co-workers and supervisors and no interaction with the public. (Tr. 17). The Commissioner contends that the ALJ's RFC finding was supported by the opinions of state agency physicians, who opined that Plaintiff's moderate limitations in CPP did not preclude him from performing work with minimal social interaction. (Tr. 16-17, 74-77, 89-94). As Plaintiff has noted, however, the Seventh Circuit has reversed in a nearly identical case,

4

where the ALJ found moderate limitations in CPP, and included the same boilerplate limitations in the RFC. *DeCamp v. Berryhill*, 916 F.3d 671, 676 (7th Cir. 2019). In *DeCamp*, the Seventh Circuit held that a limitation to "no production-rate work" does not account for limitations in CPP. This Court agrees with Plaintiff that in cases involving CPP limitations such as the ones at issue here, a very fact-specific analysis is required. Although an ALJ is not required to use specific terminology, the RFC must convey in some way the restrictions necessary to address Plaintiff's limitations. *Pavlicek v. Saul*, 994 F.3d 777 (7th Cir. 2021); *Recha v. Saul*, 843 F. A'ppx 1, 4 (7th Cir. 2021). Accordingly, remand is warranted on this issue.

Plaintiff also argues that the ALJ committed an error of fact. The ALJ stated: "the claimant has made inconsistent statements regarding matters relevant to this application. For instance, the claimant reported he had trouble being around more than one or two people at a time, but the treatment records also indicated the claimant attended remote control car races that usually drew more than 80 people..." 9Tr. 22). The ALJ cited a treatment note, Exhibit 23F/106, in support of this statement. However, this treatment note clearly states that Plaintiff "refuses to participate in activities if there are more than 1-2 people there. The RC racing events usually draw in more than 80." (Tr. 971). Plaintiff testified that he stopped going to the races "a couple of years" prior to the hearing (Tr. 50), and that he raced at home in the backyard alone. (Tr. 50-51). Although Plaintiff listed going to RC races as a short-term goal in his treatment plan, there is no indication that he ever went to these events. The Commissioner insists the ALJ did not make a mistake and cites to Tr. 838, which is a treatment note that states Plaintiff "enjoys RC cars along with drones. He would go to the race events and has tried but he reports his social anxiety causes too much panic." Clearly, this treatment note supports Plaintiff's assertion that he cannot be around people due to his anxiety. The Commissioner also cites to another treatment note, Tr. 889, where it states that

5

Plaintiff's RC car was ready for a test run at the track.  However, this note does not support the Commissioner's position as there is no indication anywhere that Plaintiff ever went to the test track, or if there were other people at the test track.  As the ALJ clearly made a mistake of fact, as Plaintiff alleges, remand is warranted on this issue also.

     Plaintiff also argues that the RFC failed to account for his limitations in sitting and standing. Plaintiff contends that the ALJ violated SSR 96-8p which requires ALJs to discuss symptom-related limitations and restrictions.  Plaintiff notes that the ALJ acknowledged that Plaintiff had limitations in standing, walking and sitting, but did not account for those limitations in the RFC assessment or explain why they were not included.  The Commissioner seemingly admits that the ALJ violated SSR 96-p, but claims that any error is harmless because Plaintiff has not specified what additional limitations are supported by the record.  However, as Plaintiff has asserted, the record shows that Plaintiff testified that he could stand for around 20-25 minutes before having to sit down, he needed to adjust his sitting position every half hour to an hour, and if that did not alleviate his symptoms, he needed to lie down, or stand up and walk around a little. (Tr. 59-60).  Thus the evidence establishes that Plaintiff had conditions which could reasonably cause limitations in sitting, standing and walking, As the ALJ failed to properly evaluate the symptom allegations and the combined effect of Plaintiff's impairments, remand is required on this issue.

     Plaintiff also asserts that the jobs the ALJ identified at Step 5 exceeded Plaintiff's functional capacity.  The ALJ found that Plaintiff could perform three jobs: cafeteria attendant, cleaner-housekeeping, and mail clerk.  (Tr. 23-24). The Commissioner has the burden at Step 5 of establishing that there are jobs a claimant can perform.  20 CFR 416.960(c)(2).

     Plaintiff asserts that the first two jobs, cafeteria attendant and cleaner-housekeeping, require

6

interaction with the public, while Plaintiff's RFC requires Plaintiff to have no interaction with the public. Plaintiff points out that the cafeteria attendant job description states that the position requires the worker to carry trays from food counters to tables for cafeteria patrons. The cleaner-housekeeper job states that the worker "renders personal assistance to patrons". The Commissioner argues that since the VE testified that Plaintiff can perform these two jobs, that the issue is closed. The VE testified that the cafeteria job consists of "cleaning and wiping tables in a cafeteria setting" (Tr. 63.) The Commissioner further notes that the DOT description for each job indicates that dealing with people was a "not significant" part of the job. The issue here, though, is that Plaintiff is restricted from <u>any</u> interaction with the public, and both the cafeteria attendant job and the cleaning job clearly require Plaintiff to be out in public where interaction is likely to occur, whether or not it's a specific job requirement. A cafeteria is generally a fairly crowded place during meal times. If Plaintiff is unable to pursue his hobby because he cannot be in a room with 80 people, he surely cannot function in a cafeteria 40 hours a week. Likewise, the cleaner job anticipates that Plaintiff will be rendering personal assistance to patrons, meaning he would be required to interact with members of the public, which he cannot do. As both of these jobs require a person to work in the presence of the public, the ALJ erred in finding Plaintiff could perform these jobs.

   Plaintiff also takes issue with the mail sorter job, arguing that it is inconsistent with the restriction from performing "production-rate-pace work". Plaintiff further claims that the ALJ erred by failing to define "production-rate-work". The Commissioner asserts that it is a commonly used phrase that does not require a definition. Applying the common understanding of production-rate-work, or work that must be performed at a consistent rate or pace to achieve a predetermined level of output, it is clear that the mail clerk job is definitely a production-rate job. The DOT states that the job entails sorting incoming mail, dispatching outgoing mail, opening envelopes, stamping date

and time on incoming mail, sorting mail according to destination and type, readdressing undeliverable mail, examining outgoing mail for appearance, sealing envelopes and stamping outgoing mail. As Plaintiff points out, this description does not bring to mind a person who works at their own pace. Plaiintiff further points out that the O*NET, which is the Department of Labor's current library of job descriptions, states that the most important ability in the mail clerk job is perceptual speed, which is defined as "the ability to quickly and accurately compare letters, numbers, objects, pictures, or patterns. The things to be compared may be presented at the same time or one after the other. This ability also includes comparing a presented object with a remembered object." Clearly, someone who cannot do production-pace work cannot be a mail clerk as that job requires the ability to quickly and accurately process mail.

As Plaintiff is unable to perform the three jobs identified by the ALJ, remand is warranted on this issue as well.

## Conclusion

On the basis of the foregoing, the decision of the Commissioner is hereby REVERSED and REMANDED for further proceedings consistent with this Opinion.


Entered: June 29, 2023.


                                          s/ William C. Lee
                                          William C. Lee, Judge
                                          United States District Court